IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEPHEN MATLOCK, | No. CIV S-10-3049-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| CALIFORNIA BOARD OF PAROLE HEARINGS, et al., | |
|     Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 apparently challenging the denial of parole. Petitioner has not, however, filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while

a copy of petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

A review of petitioner's petition reflects that he has not named the correct respondent.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (naming the Director of Corrections rather than the prison warden is sufficient); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  Because petitioner has not named the appropriate state officer, the petition must be dismissed with leave to amend to name the correct respondent.  See Stanley, 21 F.3d at 360.  Petitioner is again warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with leave to amend;

3. Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order; and

/ / /

/ / /

/ / /

/ / /

3. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application and form Application to Proceed In Forma Pauperis By a Prisoner.

DATED: November 15, 2010

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE